IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| **DOUGLAS PAYNE,** | ) |
| **Bankruptcy Trustee,** | ) |
| **Plaintiff,** | ) |
| | )   **Case No. 1:16cv697** |
| **v.** | ) |
| | ) |
| **JOHN DOE** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This is a personal injury action brought by a trustee in bankruptcy pursuant to his authority under 11 U.S.C. § 704 to recover damages claimed by a debtor who was injured as a result of a hit-and-run accident allegedly caused by the negligence of an unidentified motorist.

### I.

Plaintiff, Douglas L. Payne, is the federal trustee in the bankruptcy matter of *In Re: Earl Calvin Leonard, Jr.*, Case No., 1:15-bk-50784 (E.D. Tn.), and is responsible for protecting the creditors' rights in that case.[1]  Earl Calvin Leonard ("Leonard") is the debtor in the above-cited bankruptcy action and the purported victim of a hit-and-run motor vehicle accident that occurred on May 26, 2013, in Fairfax County, Virginia.  Defendant, John Doe, is the unidentified motorist who allegedly injured Leonard as a result of his or her negligent operation of a motor vehicle and who also fled the scene of the accident.  Accordingly, defendant John Doe is defended by State Farm, the issuer of Leonard's uninsured motorist policy.

---

[1] The facts recited in this section are derived from the plaintiff's amended complaint (Doc. 36).

1

As a result of the injuries Leonard suffered from the May 26, 2013 accident, he incurred significant medical and other expenses which contributed, in part, to his decision to seek bankruptcy protection.  Leonard also filed a personal injury action against John Doe in Fairfax County Circuit Court in 2015.  (Doc. 1-4.)  However, Leonard's state court case was dismissed after the state judge found that the two year statute of limitations had expired.  Plaintiff, acting as trustee of Leonard's bankruptcy estate, then filed this case in federal court against John Doe, seeking to recover $1,000,000 in damages on behalf of the bankruptcy estate.

In his original complaint filed in this matter, plaintiff asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the only basis for federal jurisdiction.  In support of his jurisdictional claims, plaintiff alleged that: (i) he is the federal bankruptcy trustee and resides in Tennessee, (ii) John Doe is represented by a Virginia insurance company, and (iii) Leonard's medical bills are approximately $1,000,000.  On February 10, 2017, the defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that diversity of citizenship was not sufficiently alleged in the original complaint.  Specifically, defendant argued that because the citizenship of John Doe is unknown, true diversity of citizenship cannot be affirmatively alleged.  Moreover, defendant asserted that Leonard's uninsured motorist policy issued by State Farm expressly limits liability to $50,000, and therefore, § 1332's amount in controversy requirement was not satisfied.

Defendant's motion to dismiss was scheduled for oral argument on March 10, 2017.  At the hearing, plaintiff's counsel essentially conceded that diversity jurisdiction did not exist and moved to amend his complaint to assert an alternative ground for federal jurisdiction.[2]  Plaintiff's

---

[2] Although plaintiff essentially concedes that diversity of citizenship does not exist, a review of the plaintiff's pleadings reveals that there is no basis for exercising federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff has failed to allege facts that would support any inference about defendant's

oral motion was granted and he filed his amended complaint alleging a separate ground for federal jurisdiction – 28 U.S.C. § 1334(c)(2). Immediately following the hearing, the plaintiff also filed a state court complaint against defendant John Doe.

In response to plaintiff's amended federal complaint, defendant filed a second motion to dismiss, asserting:

> (i) that plaintiff's state law claim is barred by res judicata and must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.;
>
> (ii) that § 1334(c)(2) mandates abstention in this case because: (a) a timely motion for abstention was filed, (b) the case is based on a state law cause of action, (c) the case is related to a title 11 bankruptcy proceeding but is not a "core" proceeding, (d) the action lacks a federal jurisdictional basis absent § 1334, and (e) a parallel state court action exists and can be timely adjudicated; and
>
> (iii) that even if mandatory abstention is not required, permissive abstention is appropriate under § 1334(c)(1).

Plaintiff filed a response in opposition, arguing simply that federal jurisdiction exists under § 1334 and abstention would delay the bankruptcy proceedings because the trial in this matter is scheduled for May 2017 and the trial in the parallel state court action will likely not to occur until March 2018.

Based on the arguments raised by the parties, the following issues must be resolved: (i) whether mandatory abstention is required; (ii) whether, if mandatory abstention is not required, permissive abstention is appropriate; and (iii) whether, if abstention is inappropriate, plaintiff's

---

citizenship. To allege diversity jurisdiction properly in a John Doe case, the plaintiff must offer "some affirmative evidence pointing toward [John Doe's] citizenship." *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979). While this evidence need not be "conclusive" it must be "sufficient to support a finding [regarding citizenship] in the absence of any contradictory proof." In *Sligh*, for example, the plaintiff alleged that John Doe's car had a Virginia license plate and the Fourth Circuit found that this was sufficient evidence to support a finding that John Doe was a citizen of Virginia. Here, however, plaintiff has failed to offer any factual allegations regarding defendant's citizenship and therefore cannot sustain the burden of demonstrating diversity of citizenship.

claims are barred by res judicata. The mandatory abstention argument is addressed first because in the event mandatory abstention is warranted, it is unnecessary to reach or decide the remaining issues.

## II.

Plaintiff now argues federal jurisdiction exists pursuant to 28 U.S.C. § 1334(a), which provides:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

28 U.S.C. § 1334. This argument fails because § 1334(a) only applies to cases *arising under* Title 11. This case does not arise under Title 11, but instead arises under state common law.

But this does not end the jurisdictional analysis because § 1334(b) provides an alternate basis for jurisdiction over claims that "arise in" or are "related to" bankruptcy proceedings under Title 11.

Although plaintiff's personal injury claim does not "arise in" a bankruptcy proceeding, it is clearly "related to" a bankruptcy proceeding under Title 11. In this respect, courts in this circuit and elsewhere have broadly construed the term "related to" as used in § 1334(b). In the Fourth Circuit's words,

> [a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1016 n. 11 (4th Cir. 1986) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see also* Note, *Selective Exercise of Jurisdiction in Bankruptcy-Related Civil Proceedings*, 59 Tex. L. Rev. 325, 330–31 (1981).

4

This case falls squarely within this definition.  The bankruptcy trustee, standing in the shoes of Leonard, is asserting a right to recovery that could positively impact the bankruptcy estate, and thus it follows that §1334(b) confers federal jurisdiction.  This does not mean, however, that the exercise of federal jurisdiction is appropriate, inasmuch as § 1334(c)(2) mandates abstention.

Section 1334(c)(2) commands district courts to abstain from asserting related-to jurisdiction over certain state law claims.  Specifically, § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Therefore, mandatory abstention is required when (i) any party timely files a motion for abstention, (ii) the claim is based on a state law, (iii) the case is related to a title 11 bankruptcy proceeding but is not a "core" proceeding, (iv) the action lacks any other basis for federal jurisdictional other than § 1334, and (v) a parallel state court action exists and can be timely adjudicated.  If any one of these requirements is not satisfied, then abstention is not compulsory.  *See, e.g., In re Bay Vista of Virginia, Inc.*, 394 B.R. 820, 833 (Bankr. E.D. Va. 2008).

It is readily apparent that all five requirements for mandatory abstention are met in this case.  First, it is undisputed that defendant's motion for abstention was timely.  Defendant's motion was filed eleven (11) days after the plaintiff first asserted § 1334 as a ground for federal jurisdiction.  Therefore, the first requirement for mandatory abstention is clearly satisfied.

Second, plaintiff's claim for personal injury is based exclusively on state law.  Were this case to proceed to trial, the trier of fact in state or federal court would reach a decision based

5

exclusively on negligence principles arising from state common law. Neither bankruptcy principles, nor any other principles of federal law would play a substantive role in the ultimate decision in this case. Consequently, the second requirement for mandatory abstention is satisfied because plaintiff's claims arise exclusively from state law.

Third, while this case is undoubtedly "related to" a bankruptcy proceeding, it is not a core proceeding "arising under" Title 11 or "arising in" a Title 11 case. To "arise under" Title 11 a cause of action must have been created or determined by a statutory provision of Title 11. *See In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009); *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006); *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996); *Matter of Wood*, 825 F.2d 90, 96 (5th Cir. 1987); *Bowles v. Massey Energy Co.*, No. 2:12-CV-05997, 2012 WL 6628953, at *4 (S.D. W.Va. Dec. 19, 2012); *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 873 (Bankr. M.D.N.C. 2011). A proceeding "arises in" a Title 11 case, when the action is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Bowles*, 2012 WL 6628953, at *4 (quoting *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 372 (4th Cir. 1996)). Here, plaintiff's personal injury claim was not created by Title 11 and is not governed by the Bankruptcy Code, and therefore does not arise under Title 11. Likewise, plaintiff's tort claim could well exist, and indeed does exist, outside of the bankruptcy proceeding, as evidenced by the fact that two identical tort claims have been filed in state court, one of which is still pending. Consequently, plaintiff's claim is not a core proceeding and the third requirement for mandatory abstention is met.

Fourth, the sole jurisdictional allegation in plaintiff's amended complaint is that federal jurisdiction exists pursuant to 28 U.S.C. § 1334.[3]  Because no other basis for jurisdiction is alleged, the fourth requirement for mandatory abstention is satisfied.[4]

And finally, there is no dispute that a parallel state court action is pending and that the Fairfax Circuit Court is an appropriate jurisdiction to resolve this dispute.  Yet, the parties dispute whether the matter can be "timely adjudicated" in the state court, as required by § 1334(c)(2).  Plaintiff asserts that the recently filed state court matter will not be scheduled for a trial until March 2018.  He argues that because this case can be tried in this federal district sooner than it would be tried in state court, it follows that the state court matter cannot be "timely adjudicated."  This argument fails.  Even assuming that the case would likely be tried in federal court sooner than it would be tried in state court, it does not follow that a state court resolution would not be "timely."  The statute requires only a timely adjudication, not the speediest adjudication.

In this respect, it is worth noting the Second Circuit has observed that Congress failed to define "timely adjudicated" as used in § 1334(c)(2).  *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d. Cir. 2011).  To resolve perceived ambiguity within the statute, the Second Circuit, among other courts, has developed a four factor test to determine whether a state court can timely adjudicate a claim: "(1) the backlog of the state court's calendar relative to the federal court's calendar;  (2) the complexity of the issues presented and the respective expertise of each forum;

---

[3] In other filings, plaintiff appears to argue that 28 U.S.C. § 157(b) is an alternative source of jurisdiction. However, plaintiff only cites § 157(b)(5) which is non-jurisdictional, *see Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 2606, 180 L.Ed.2d 475 (2011), and 157(b)(2)(B) which only applies to claims against the bankruptcy estate.  *See In re Laddusire*, 541 B.R. 697, 705 (Bankr. W.D. Wis. 2015).

[4] As stated, *supra* at 2, fn. 2, plaintiff's previous jurisdictional allegations regarding diversity of citizenship fail as a matter of law.

(3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the State court proceeding would prolong the administration or liquidation of the estate." *Id.* (citing *In re Georgou*, 157 B.R. 847, 851 (N.D.Ill.1993)). If the first factor articulated by the Second Circuit were given substantial weight, it would result in precluding abstention in all circumstances where the related federal court has a speedier docket. Put differently, § 1334(c)(2) would be rendered nugatory in most cases if statutory abstention were precluded simply because the federal docket is faster than the state docket. To conclude otherwise would render § 1334(c)(2)'s mandatory abstention provisions meaningless in this federal district and others, and would frustrate Congress's intent to promote comity between state and federal courts. In sum, it is clear that the Fairfax Circuit Court can timely adjudicate the plaintiff's claim even though the claim may be more speedily resolved in this federal forum. Therefore, the fifth and final requirement for mandatory abstention is satisfied.

### III.

Because each of the requirements for mandatory abstention under § 1334(c)(2) is satisfied, abstention is compulsory here. Alternatively, even if the requirements for mandatory abstention were not met, permissive abstention under § 1334(c)(1) would be appropriate in this case. Accordingly,

It is **ORDERED** that the Court **ABSTAINS** from hearing this case so that the Nineteenth Judicial Circuit of Virginia may adjudicate the plaintiff's personal injury claim without duplicating judicial effort.

The Clerk of Court is **DIRECTED** to send a copy of this Order to all counsel of record and to place this matter among the ended causes.

Alexandria, VA
March 31, 2017

/s/ _____
T. S. Ellis, III
United States District Judge